# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JILL BAGNALL, on behalf of herself and others similarly situated,** | ) )  CASE NO. |
| Plaintiff, | ) ) JUDGE |
| v. | ) ) **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **FIRST CHOICE HOME HEALTH OF OHIO INC.** | ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) |

Plaintiff Jill Bagnall ("Plaintiff"), for her Class and Collective Action Complaint against Defendant First Choice Home Health of Ohio Inc. ("Defendant"), alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA"), and Ohio Rev. Code § 4113.15.

2. Plaintiff brings this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and Ohio Rev. Code § 4113.15 on behalf of other employees employed by Defendant in Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's Ohio law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and division.

## PARTIES

7. Plaintiff is an adult individual residing in Lorain County, Ohio.

8. Within the three years preceding the filing of this Action, Plaintiff and others similarly situated were employed by Defendant and were not exempt from the overtime provisions of the FLSA and OMFWSA.

9. At all relevant times, Plaintiff and others similarly situated were each an "employee" within the meaning of 29 U.S.C. § 203(e) and Ohio Rev. Code §§ 4111.03(D)(3) and 4113.15.

10. Defendant First Choice Home Health of Ohio Inc. is a for-profit Delaware corporation that has its principal place of business in Cleveland, Ohio.

11. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and Ohio Rev. Code §§ 4111.03(D)(3) and 4113.15.

12. At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15. Plaintiff and other similarly situated employees ("Class Members") were employed by Defendant as in-home healthcare providers.

16. Class Members performed a variety of healthcare services for Defendant's customers in the customers' homes, under the direction and supervision of a Registered Nurse.

17. Defendant compensated Class Members on a "per visit" basis, by which Class Members were compensated for each visit to a customer's home they made, regardless of how long the visit took.

18. Defendant required Class Members to complete documentation of each visit. However, unless a Class Member was able to complete the documentation while they were on a visit, Class Members would have to complete the documentation at some point after the visit ended.

19. Defendant did not compensate Class Members for the time that they spent completing documentation if it was done after the visit was completed.

20. Defendant also did not compensate Class Members for time spent traveling between visits during the work day.

21. Class Members regularly worked more than 40 hours in a workweek in the three years preceding the filing of this Action, including time spent traveling between visits and completing documentation.

22. Class Members were not exempt from the overtime provisions of the FLSA and OMFWSA, and should have been compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

23. Defendant did not compensate Class Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

24. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

25. The unpaid wages to which Plaintiff and the Class are entitled have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf other similarly situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct (the "FLSA Collective").

27. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former in-home health care providers, other than Registered Nurses, who were employed by First Choice Home Health of Ohio, Inc. and paid on a per visit basis, and who worked in excess of 40 hours in any workweek within the three years preceding the date of filing of this Action through its conclusion.**

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

29. The identities of the members of the FLSA Collective are known to Defendant and are readily identifiable through Defendant's payroll records. Members of the FLSA Collective may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

30. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant at its Ohio facilities within the last two years (the "Ohio Class"), defined as:

> **All current and former in-home health care providers, other than Registered Nurses, who were employed by First Choice Home Health of Ohio, Inc. and paid on a per visit basis, and who worked in excess of 40 hours in any workweek within the two years preceding the date of filing of this Action through its conclusion.**

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of in excess of 50 people.

32. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to compensate Ohio Class members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

33. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the members of the Ohio Class. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the class as a whole, and predominate over any questions affecting only individual class members.

35. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Collective)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates of pay.

38. Members of the FLSA Collective are not exempt from the overtime provisions of the FLSA, and should have been compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

39. Defendant's practice and policy of not paying the FLSA Collective for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA.

40. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

41. As a result of Defendant's practices and policies, Plaintiff and the FLSA Collective have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – Ohio Class)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. The OMFWSA requires employers to pay "an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]." O.R.C. 4111.03(A).

44. Members of the Ohio Class are not exempt from the overtime provisions of the OMFWSA, and should have been compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

45. Defendant's practice and policy of not paying the Ohio Class for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the OMFWSA.

46. As a result of Defendant's practices and policies, Plaintiff and the Ohio Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

## COUNT THREE
### (Failure to Pay Wages on a Semimonthly Basis)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Ohio Rev. Code § 4113.15(A) requires that Defendant pay Plaintiff and the Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

49. Plaintiff's and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of Ohio Rev. Code § 4113.15(A).

50. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

51. As a result of Defendants' willful violation, Plaintiffs and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio Rev. Code § 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

  A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

8

B.      Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class Members;

C.      Award Plaintiff and the Class Members actual damages for unpaid wages;

D.      Award Plaintiff and the Class Members liquidated damages equal in an amount equal to the unpaid wages found due to Plaintiffs and the putative class;

E.      Award Plaintiff and the Class Members liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

F.      Award Plaintiff and the Class Members pre-judgment and post-judgment interest at the statutory rate;

G.      Award Plaintiff and the Class Members attorneys' fees, costs, and disbursements; and

H.      Award Plaintiff and the Class Members further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiff*