# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JILL BAGNALL**, on behalf of herself and others similarly situated, ) ) ) | Case No. 1:22-cv-01853-BMB |
| ) | Magistrate Judge Thomas M. Parker |
| Plaintiff, ) ) | |
| vs. ) ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE** |
| **FIRST CHOICE HOME HEALTH OF OHIO, INC.,** ) ) ) | |
| Defendant. ) | |

Plaintiff Jill Bagnall ("Plaintiff") and Defendant First Choice Home Health of Ohio, Inc. ("Defendant") respectfully move this Court to approve the Settlement Agreement and Release ("Settlement") reached by the parties. (Attached as Exhibit A). The Settlement seeks to resolve all claims Plaintiff has or could have asserted against Defendant under the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq*. ("FLSA") and any applicable state and local wage-and-hour laws.

Plaintiff respectfully submits that the Settlement is fair and reasonable, and that it satisfies the criteria for approval under 29 U.S.C. § 216. The Settlement was achieved through arms' length negotiations between the Parties, after conducting discovery and due diligence regarding Plaintiff's claims. If approved by the Court, the Settlement will result in a fair and reasonable settlement payment to Plaintiff.

**I.      THE ACTION**

Plaintiff filed this Action on October 13, 2022, asserting a collective action for failure to pay overtime compensation in violation of the FLSA and Ohio law. (ECF #1). Specifically, Plaintiff alleged that she and other similarly situated employees were not properly compensated for time spent traveling between patient visits during their workday, causing them not to be paid

all of the required overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a workweek. (*Id.*). On March 13, 2023, Defendant filed its Answer, in which it denied Plaintiff's material allegations, denied that it violated the FLSA, and asserted several affirmative defenses. (ECF #13).

The Parties exchanged written discovery regarding Plaintiff's claims. After preliminary discussions regarding Defendant's timekeeping policies and procedures, the Parties agreed to attempt to resolve this case on an individual basis, rather than continuing to pursue a collective action. The Parties exchanged several settlement proposals, and the Parties were able to reach an agreement to settle this case. The Parties are now seeking Court approval of the settlement pursuant to the FLSA. If approved by the Court, the Settlement will resolve all issues between Plaintiff and Defendant in this Action and as outlined in the Agreement.

## II.     THE PROPRIETY OF APPROVAL

### A.     The Standard for Settlement Approval.

The Settlement is subject to approval by the Court pursuant to 29 U.S.C. § 216(b) and, as explained below, Court approval is warranted. When evaluating whether to approve a settlement, the Court must determine whether there is a bona fide dispute, and whether the settlement is a fair resolution of the dispute. *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13CV2741, 2014 U.S. Dist. LEXIS 78117, at *4-5 (N.D. Ohio June 9, 2014). When performing this analysis, courts consider such things as the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Id.* And, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Id.*

**B.** **The Settlement Is a Fair Resolution of a Bona Fide Dispute.**

Here, all of these factors favor approval of the settlement. First, the settlement was reached only after the Parties dedicated substantial time and resources into investigation and discovery. As such, the risk of fraud or collusion is minimal. Second, the complexity, expense, and likely duration of the litigation also favors settlement. Each Party disputes the other Party's factual allegations and legal conclusions. As such, if this case is not settled at this time, it is likely that the ongoing litigation of this case will be contentious, costly, and could continue for an extended period of time.

Third, the amount of discovery completed also favors approval of the settlement. Prior to reaching a settlement, the Parties exchanged written discovery, produced documents, and had several discussions regarding the merits of each Party's respective claims. This permitted the Parties to make an educated assessment of the merits of their claims and defenses. However, if this case is not settled, then there would be additional discovery and briefing. As for the likelihood of success, the legal and factual issues in this case are in dispute. Although both Parties are confident in their positions, there is uncertainty as to how likely it is that either side may prevail on their claims. Finally, because this case only involves one party instead of a class or collective, the public's interest in this case should be to encourage a private resolution without further need to involve the Court's time and resources. When considering these factors, it is clear that the Agreement should be approved.

The Court should also approve the attorneys' fees provided for in the Agreement. "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citations omitted). Here, the

3

attorneys' fees in the Settlement compensates counsel for the time spent investigating this case, drafting a complaint and other pleadings, attending the Case Management Conference, drafting and responding to discovery requests, evaluating several thousand pages of discovery, and communicating with Defense counsel regarding each party's position. The attorneys' fees in the Settlement are below Plaintiffs' Counsel's lodestar for this case, so it does not produce a windfall for counsel. Furthermore, Plaintiff's Counsel took this case on a contingency basis and, as such, they have not been compensated for any time or expenses since the litigation began, but they were prepared to invest their time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind. Accordingly, the Court should approve the attorneys' fee award provided for in the Settlement.

### III.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement and dismiss this action with prejudice.  A Proposed Order is attached as Exhibit B.

Respectfully submitted,

*/s/Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
**NILGES DRAHER LLC**
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone:	(216) 230-2955
Facsimile:	(330) 754-1430
Email:	jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*

*/s/ John M. Sayers* (with permission)
Nathalie A. Dibo (0084051)
Scott H. Schooler (0016517)
John M. Sayers (0098660)
**YOURKVITCH & DIBO, LLC**
1549 Hamilton Avenue, Suite 200
Cleveland, OH 44114
Phone: (216) 367-1330
Email: ndibo@goydlaw.com
sschooler@goydlaw.com
jsayers@goydlaw.com

*Counsel for Defendant*

4